**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DECKER MANUFACTURING | ) | |
| CORPORATION, a Michigan corporation, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | Hon. |
| vs. | ) | |
| | ) | |
| THE TRAVELERS INDEMNITY | ) | Removed from Calhoun County Circuit Court |
| COMPANY. | ) | Case No. 13-1886-CK |
| | ) | |
| Defendant. | | |

_____

**NOTICE OF REMOVAL OF CASE TO THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

TO:    United States District Court
       Judges of the Western District of Michigan, Southern Division

Defendant, The Travelers Indemnity Company ("Travelers"), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, submits this Notice of Removal from Michigan State Court, Calhoun County Circuit Court, to the United States District Court for the Western District of Michigan, the judicial district in which this action is pending.

In support of this Notice of Removal, Travelers states as follows:

1.      On June 17, 2013, Plaintiff, Decker Manufacturing Corporation ("Decker") filed a Complaint ("Complaint") in Calhoun County Circuit Court, which was assigned Case No. 13-1886-CK and in which Travelers is named as the only Defendant. (*See* Complaint included as part of Exhibit A).

2.      Decker executed service of process on Travelers by serving the Summons and Complaint via certified mail on Travelers registered agent, CSC Lawyers Incorporating Service

Company ("CSC").  The Summons and Complaint were placed in the mail on July 2, 2013 and received by Travelers registered agent CSC on July 8, 2013.  (Exhibit A).

3.      In accordance with U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Travelers in the State Court Action -- the Summons and Complaint – are attached as Exhibit A.

4.      Upon information and belief, and as alleged in the State Court Action Complaint, Plaintiff Decker Manufacturing Corporation is a Michigan corporation with its principle place of business in the City of Albion, Calhoun County, Michigan.  (*See* Complaint, ¶1, Ex. A).

5.      Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut.  Travelers transacts business in Michigan.

6.      Travelers issued the following commercial general liability policies to named insured Decker Manufacturing Corporation:

     a.      Policy No. 650-2406865-IND, effective from January 1, 1973 to January 1, 1974 ("1973-1974 Policy");

     b.      Policy No. 650-822A082-2-IND, effective from January 1, 1974 to January 1, 1975 ("1974-1975 Policy");

     c.      Policy No. 650-822A140-1-IND, effective from January 1, 1975 to January 1, 1976 ("1975-1976 Policy");

     d.      Policy No. 650-822A140-1-IND, effective from January 1, 1976 to January 1, 1977 ("1976-1977 Policy")

(collectively the "Travelers Policies").

7.      The Complaint in the State Court Action alleges that Travelers has breached the Travelers Policies by refusing "to pay Decker for all amounts due under the Policies."    (*See* Complaint, Ex. A).  The Complaint in the State Court Action also seeks a declaratory judgment against Travelers under the Travelers Policies arising from a claim brought by the US EPA in

1995 ("US EPA Claim") and an underlying lawsuit, both related to the Albion-Sheridan Township Landfill Superfund Site. (*See* Complaint, Ex. A). The lawsuit was captioned: *United States of America v. City of Albion, Michigan v. Cooper Industries, Inc., et. al. v. Decker Manufacturing Corporation,* Case No. 1:97-cv-1037, filed in the United States District Court for the Western District of Michigan ("EPA Lawsuit"). The US EPA Claim and EPA Lawsuit were resolved by a Consent Decree that was entered on July 2, 1999 ("Consent Decree"). The State Court Action Complaint seeks both (a) money damages from Travelers for the reimbursement of costs and expenses incurred by Decker arising out of the US EPA claim, the EPA Lawsuit and compliance with the Consent Decree and (b) a declaratory judgment that Travelers is obligated to: (1) pay or reimburse Decker for all future costs and expenses incurred for compliance with the Consent Decree; (2) pay all litigation expenses regarding the Landfill incurred hereafter and (3) defend, indemnify and hold Decker harmless from any and all new claims that may be brought against Decker relating to the Landfill. (*See* Complaint, Ex. A).

8. While the Complaint does not plead a specific total amount of money damages, the relief sought by Decker from Travelers in this action includes money damages for the fees and costs allegedly incurred in the defense of Decker with respect to US EPA Claim and EPA Lawsuit as well as for fees and costs incurred for compliance with the Consent Decree, including payments made by Decker to the US EPA and for the purchase of land adjacent to the Landfill, and for future fees and costs necessary to comply with the Consent Decree. As alleged in the Complaint, the payments to the EPA by Decker alone total $350,000 (Complaint, ¶116.a), while the cost of the land purchased is alleged to have been $105,000. The amount sought for alleged future damages for compliance with Consent Decree is not alleged, but it is alleged that those compliance activities by Decker will occur for 30 years. (Complaint, ¶116.b.x).

9.      While Travelers disagrees with and disputes the Plaintiff's entitlement to insurance coverage, defense or indemnity, under the Travelers Policies, as well as Plaintiff's claim for reimbursement of additional defense costs arising from the US EPA Claim, EPA Lawsuit or Consent Decree, as a result of the foregoing, this action places at issue and in controversy monetary relief and damages which well exceeds this Court's original jurisdictional minimum of $75,000, exclusive of interest and costs.

10.     Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this civil action in that it involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.   Thus, removal is proper in accordance with 28 U.S.C. § 1441(a).

11.     Travelers has not filed any responsive pleadings in this action.

12.     As required by 28 U.S.C. § 144(b), this Notice of Removal is being filed within 30 days after Travelers receipt of the Complaint on July 8, 2013.

13.     Concurrently with the filing of this Notice of Removal, by means of the Notice of Filing Notice of Removal in the state court action and attached hereto as Exhibit B, Travelers is providing notice to Decker and to the Calhoun County Circuit Clerk of Court of this (a) Notice of Removal; (b) the fact that this action is to be docketed in this Court; and (c) that this Court shall hereafter be entitled to grant all relief to Travelers as is proper under the circumstances.

14.     Travelers reserves the right to supplement this Notice of Removal if it becomes necessary to do so.

WHEREFORE, Travelers requests that this action proceed in this Court as a removed claim or cause of action under 28 U.S.C. §§ 1441 and 1446.

Respectfully Submitted,

*s/Nicole E. Wilinski* _____

Charles W. Browning (P32978)
Nicole E. Wilinski (P61904)
PLUNKETT COONEY
***Attorneys for Travelers***
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI  48304
(248) 901-4000
cbrowning@plunkettcooney.com
nwilinski@plunkettcooney.com

Dated:  July 31, 2013

Open.06900.31965.13112573-1